```
          UNITED STATES DISTRICT COURT
      FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES S. RENCHENSKI,        :   CIVIL NO. 3:06-CV-0278
                              :
           Plaintiff          :   (Judge Conaboy)
                              :
      v.                      :   (Magistrate Judge Smyser)
                              :
THOMAS WILLIAMS, et al.,      :
                              :
           Respondents        :
                              :
                              :
```

**REPORT AND RECOMMENDATION**

This is a state prisoner 42 U.S.C. § 1983 civil action. The plaintiff, Charles S. Renchenski, an SCI-Coal Township prisoner, filed a complaint on February 6, 2006, naming Thomas Williams, Joseph Piazza and the Pennsylvania Department of Corrections as defendants. Williams is a prison counselor, and Piazza is the prison superintendent. Leave to proceed in forma pauperis was granted. Order of February 15, 2006 (Doc. 7). A motion to dismiss the complaint was filed on April 14, 2006 (Doc. 16) and a supporting brief was filed on April 28, 2006 (Doc. 18). A case management order was entered on May 12, 2006 (Doc. 19). A brief in opposition to the motion to dismiss the complaint was filed on June 2, 2006 (Doc. 26).

An amended complaint was then filed on June 28, 2006 (Doc. 29). The amended complaint adds five defendants and expands the scope of the complaint to a time period before

Renchenski's SCI-Coal Township incarceration to include a period of previous incarceration at SCI-Huntingdon.

The plaintiff's claim is that he is wrongfully being required to participate in a sex offender therapy program. He claims that his forced participation in the sex offender therapy program violates his Fifth Amendment right against self-incrimination, and he also claims violations of his Sixth Amendment, Eighth Amendment and Fourteenth Amendment rights. The complaint seeks compensatory damages, punitive damages, nominal damages, an order requiring the expungement of all records identifying the plaintiff as a sex offender, an order barring the defendants from requiring the plaintiff to participate in sex offender programming, and an order barring the defendants from punishing the plaintiff, transferring him or removing privileges from him for refusing to participate in a sex offender program or for bringing this civil action.

The amended complaint states as the basis for the plaintiff's claims that in March of 2003 at SCI-Coal Township he was determined to need sex offender therapy. Earlier, at SCI-Huntingdon, a determination had been made that he did not need to attend sex offender therapy programming because he had not been convicted of a sex offense. His efforts at SCI-Coal Township to persuade prison staff that he should not be required to participate in sex offender therapy have

been unsuccessful.

A motion to dismiss the amended complaint was filed on September 14, 2006 (Doc. 39) after, an July 10, 2006, the first motion to dismiss was denied as moot (Doc. 30). A brief in support was filed on September 28, 2006 (Doc. 44). A brief in opposition to the motion to dismiss the amended complaint was filed on October 23, 2006 (Doc. 49), and a reply brief has not been filed.

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of the plaintiff's case; the court must decide whether, even if the plaintiff were able to prove all of his allegations, he would be unable to prevail. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). In a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the burden is on the moving party to show that there is no claim. *Johnsrud v. Carter*, 620 F.2d 29, 33 (3d Cir. 1980). When evaluating a motion to dismiss, the court must accept all material allegations of the complaint as true and draw all inferences in the light most favorable to the plaintiff. *Pennsylvania House, Inc. v. Barrett*, 760 F. Supp. 439, 449 (M.D. Pa. 1991). However, "conclusory allegations of law, unsupported conclusions and unwarranted inferences need not be accepted as true." *Id*. at 449-50. A complaint should not be

dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 44-46 (1957); *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir. 1988).  In support of the motion to dismiss this complaint, the defendants rely in part upon facts not alleged in the plaintiff's complaint, but provided by the plaintiff in his brief in opposition to the motion to dismiss the original complaint (Doc. 26).  We will consider these materials provided by the plaintiff.  Of material significance, the plaintiff was convicted of criminal homicide.  The criminal complaint charged that the plaintiff had choked the female victim and had struck her in the areas of the head, breast and groin.

     The plaintiff's claims, although they are expressed under several constitutional protections, are all defeated as a matter of law by the materially indistinguishable case decided by the United States Supreme Court in *McKune v. Lile*, 536 U.S. 29 (2004).  There a prisoner was required to participate in a Sexual Abuse Treatment Program.  The prisoner was required to accept responsibility in writing for the crimes for which the prisoner had been sentenced.  The prisoner was required to complete a sexual history form, detailing all prior sexual activities, regardless of whether the activities constituted uncharged criminal offenses.  The

information thus obtained from the prisoner was not privileged and could be used against the prisoner in a future criminal proceeding.  The prisoner stood to be punished in prison by the withdrawal of prison activities and privileges if the prisoner did not participate in the Sexual Abuse Treatment Program.  The United States Supreme Court held this prison program not to violate the prisoner's constitutional rights.  The specific holding addressed the Fifth Amendment compelled self-incrimination issue.  But the Court in its decision clearly considered the Eighth Amendment and due process implications of the Program, and the Court discussed the Program at length in the context of a prisoner's reduced expectations of amenities and of protections against losses of privileges and benefits.

      Differences between the plaintiff's case and the case of the plaintiff in *McKune* can be identified.  The plaintiff there was not a life prisoner.  Sexual rehabilitation is arguably more necessary from a societal perspective in the case of a prisoner who will return to free society than for a life prisoner.  The plaintiff in *McKune* had been convicted of sexual offenses whereas here the plaintiff was convicted of murder and his offense did not as charged involve sexual offenses as elements.  In recognition, however, that the *McKune* decision authorizes prison administrators to require the prisoner to disclose sexual history beyond the scope of

the offense of conviction, the fact that the plaintiff's offense(s) as charged did not allege or require proof of sexual offenses is not a material distinction.

*McKune* is dispositive, and based upon that decision the plaintiff's amended complaint does not state a claim of a violation of his federally protected rights upon which relief can be granted.

It is accordingly recommended that the defendants' motion to dismiss the amended complaint for failure to state a claim upon which relief can be granted be decided in favor of the moving parties and that the case be dismissed.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:   December 12, 2006.